**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2208
_____

HELICOPTER HELMET,LLC, a Delaware Limited
Liability Company; GOVERNMENT SURPLUS SALES INC.,
d/b/a Government Sales, Inc.,
Appellants

v.

GENTEX CORPORATION, a Delaware Corporation;
FLIGHT SUITS, a California Corporation, d/b/a Gibson & Barnes;
JAMES T. WEGGE, an individual

_____

On Appeal from United States District Court
for the District of Delaware
(District Court No. 1-17-cv-00497)
District Judge: Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 11, 2019
_____

Before: McKEE, PORTER, and ROTH, *Circuit Judges*.

(Opinion filed:  July 29, 2019)

_____

OPINION*

McKEE, *Circuit Judge*.

Helicopter Helmet, LLC appeals the district court's grant of a motion to dismiss filed by Gentex Corporation, Gibson & Barnes, and James T. Wegge. In a thorough and well-reasoned opinion, Judge Brann explained that Helicopter Helmet had failed to state a claim for which relief could be granted for alleged violations of federal antitrust laws, the Lanham Act, and Delaware's Deception Trade Practices Act, along with common-law claims for unjust enrichment and defamation.[1] For the reasons set forth in that opinion as briefly discussed below, we will affirm the order dismissing this complaint.

I.[2]

Helicopter claims that because the helicopter helmet manufacturing market consists of only six competitors, Gentex and G&B's actions violated federal antitrust laws. However, Helicopter has not established antitrust standing or an antitrust violation.

Helicopter argues that because there are only six manufacturers of the helicopter helmets in question, any damage inflicted on one manufacturer by Gentex and G&B's

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] *Helicopter Helmet, LLC v. Gentex Corp.*, No. 17-cv-00497, 2018 WL 2023489 (D. Del. 2018).
[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, 1337(a), and 1367. We now have jurisdiction pursuant to 28 U.S.C. §1291. We review a district court's granting of a motion to dismiss de novo. *See Eurofins Pharma US Holdings v. BioAlliance Pharms SA*, 623 F.3d 147, 158 (3d Cir. 2010).

actions effects the entire market.  This is not an argument for a particularized harm and is not sufficient to establish antitrust injury.[3]  The Supreme Court has rejected the proposition that a company may establish an antitrust injury by averring that absent the defendant's conduct it would have performed better.[4]  "There must be a causal link between the alleged injury and an antitrust violation's anticompetitive effects."[5]  But here, as in *Philadelphia Taxi Association, Inc v. Uber*, the Appellants "fail to aver an antitrust injury, such as a negative impact on consumers or to competition in general, let alone any link between this impact and the harms Appellants have suffered."[6]

To establish a violation of the Sherman Act, Helicopter must prove "(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power."[7]  This test cannot be met here.  Helicopter alleges that Gentex and G&B influenced government officials to publish false reports aimed at hindering them from competing in the market.  Government officials removed those reports and cancelled the sole-source contract that had been awarded to G&B.  Because Helicopter fails to state a particularized financial harm that can be traced back to G&B's actions, their claims fail even when viewed in the light most favorable to Helicopter.

---

[3] *See Eichorn v. AT&T Corp*., 248 F.3d 131, 140 (3ᵈ Cir. 2001) (collecting cases).
[4] *See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 US 477, 488-89 (1977).
[5] *Phila. Taxi Ass'n, Inc v. Uber Technologies, Inc.*, 886 F.3d 332, 343 (3d Cir. 2018).
[6] *Id.* at 344.
[7] *Mylan Pharm. Inc. v. Warner Chilcott Pub. Ltd. Co.,* 838 F.3d 421, 433 (3d Cir. 2016) (internal citations omitted).

Under the *Noerr-Pennington* doctrine, "antitrust liability cannot be predicated solely on petitioning to secure government action."[8] The district court correctly concluded that since Helicopter's antitrust claims are premised on Gentex's and G&B's alleged attempts to influence certain government agencies' action, they necessarily fail.[9]

For the reasons clearly stated in the district court's opinion, Helicopter has failed to state claims for defamation,[10] unjust enrichment,[11] violation of the Lanham Act,[12] of the Delaware Deceptive Trade Practices Act.[13]

Therefore, we will affirm the judgment of the district court.

---

[8] *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hosp.,* 185 F.3d 154, 158 (3d Cir. 1999).
[9] *Helicopter*, 2018 WL 2023489, at *6.
[10] *Id.* at *4.
[11] *Id.*
[12] *Id.* at *5-6.
[13] *Id.* at *5.